UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| THE ANDERSONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JERRY G. WALKER, ELLEN M. WALKER, ) <br> STEPHANIE WALKER SPIROS, JEREMY ) <br> WALKER, and FALL GRAIN, INC., ) <br> ) <br> Defendants. ) | Case Nos.    08-CV-2083 <br> 08-CV-2098 |

**OPINION**

This case is before the court for ruling on the Motion for Summary Judgment on Count II (#21) filed by Plaintiff, The Andersons, Inc. ("The Andersons"). This court has carefully considered the arguments of the parties and the documents submitted by the parties. Following this careful and thorough review, the Motion for Summary Judgment on Count II (#21) is GRANTED.

BACKGROUND

On April 4, 2008, in Case No. 08-2083, The Andersons filed a Complaint (#1) against Defendants, Jerry G. Walker, Ellen M. Walker, Stephanie Walker Spiros, and Jeremy Walker (collectively, the "Walkers"), with attached exhibits.[1] The Andersons alleged that it entered into contracts to purchase corn and wheat from Fall Grain, Inc. ("Fall Grain") for the periodic shipments of corn and wheat during the course of the 2007 crop year. The Andersons further alleged that the Walkers, for valuable consideration, agreed to guarantee "payment of current and future obligations owed to [The Andersons] by Fall Grain, Inc." The Andersons alleged that Fall Grain failed to

---

[1] The Andersons alleged that jurisdiction is proper in this court because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

deliver corn to The Andersons or provide adequate assurance of delivery as it was obligated to do under the Fall Grain Corn Contracts with The Andersons. The Andersons alleged that, on December 31, 2007, it notified Fall Grain and the Walkers that the 2007 Fall Grain Corn Contracts had been cancelled pursuant to their terms. The Andersons alleged that it exercised its right under the Fall Grain Corn Contracts to cancel those contracts, establishing a total amount of $3,683,573.00 due from Fall Grain as a result of its breach. The Andersons alleged that the amount due is the difference between the Fall Grain Corn Contracts price and the replacement costs of corn at the time of cancellation, in addition to cancellation charges and other fees as provided by the Fall Grain Corn Contracts. The Andersons similarly alleged that Fall Grain failed to deliver wheat to The Andersons or provide adequate assurance of delivery as it was obligated to do under the Fall Grain Wheat Contracts with the Andersons, resulting in a total amount of $1,836,750.00 due from Fall Grain as a result of its breach. The Andersons alleged that the Guarantees obligated each of the Walkers, jointly and severally, to pay the amounts owed by Fall Grain to The Andersons. The Andersons therefore sought judgment against the Walkers in the total amount of $5,520,323.00.

On April 21, 2008, in Case No. 08-2098, Fall Grain and the Walkers filed a Complaint for Injunctive and Declaratory Relief and Damages (#1) against The Andersons, with attached exhibits.[2] Fall Grain and the Walkers alleged that Fall Grain entered into a series of hedge-to-arrive contracts which provided for the sale of grain to The Andersons Agriservices, Inc. ("Agriservices"). Fall Grain and the Walkers alleged that Agriservices breached the contracts with Fall Grain by refusing to roll them forward and by cancelling them instead. Fall Grain and the Walkers alleged that The Andersons commenced an arbitration proceeding against Fall Grain before the National Grain and Feed Association ("NGFA") seeking to recover what it claimed were its damages arising out of the

---

[2] Fall Grain and the Walkers alleged that this court has jurisdiction based upon diversity of citizenship.

Corn Contracts with Fall Grain which had been cancelled. Fall Grain did not submit to arbitration and the NGFA issued a default award in favor of The Andersons and against Fall Grain for $3,683,573 plus interest. Fall Grain and the Walkers alleged that the NGFA Arbitration System lacked jurisdiction to hear the dispute because the contracts were between Fall Grain and Agriservices, neither of which was a member of the NGFA. Fall Grain and the Walkers also alleged that The Andersons sought to commence an arbitration proceeding against Fall Grain regarding the Wheat Contracts with Fall Grain. In addition, Fall Grain and the Walkers alleged that The Andersons fraudulently procured the Guarantees from the Walkers.

The Complaint filed by Fall Grain and the Walkers included four separate counts. In Count I, they sought a preliminary and permanent injunction enjoining The Anderson from attempting to enforce the default arbitration award regarding the Corn Contracts or commencing arbitration regarding the Wheat Contracts. In Count II, they sought a declaration that the NGFA lacked jurisdiction over the Corn Contracts arbitration, so that the default award is not valid and enforceable, a declaration that the NGFA lacks jurisdiction over disputes arising out of the Wheat Contracts, and a declaration that the Guarantees executed by the Walkers are void and unenforceable because of fraud in their procurement. In Count III, the Walkers sought damages for fraud. In Count IV, the Walkers sought damages for breach of contract.

On May 14, 2008, in Case No. 08-2098, The Andersons filed a Motion to Compel Arbitration of the Dispute Related to Fall Grain's Obligations Under the Wheat Contracts (#6) and a Memorandum in Support (#7). In its Motion to Compel, The Andersons argued that this court should compel arbitration before the NGFA on disputes related to the Wheat Contracts entered into between Fall Grain and Agriservices. The Andersons argued that, on or about December 26, 2006, Agriservices merged with The Andersons, after which point Agriservices ceased to exist as a separate entity. The Andersons argued that it was a party to the Wheat Contracts and sought to

compel arbitration of the dispute between the parties based upon the arbitration clause in the agreements.

Also on May 14, 2008, The Andersons filed its First Amended Complaint (#4) in Case No. 08-2083, with attached exhibits. In the Amended Complaint, The Andersons added Fall Grain as a Defendant and added Count II, a claim seeking confirmation of the arbitrator's award regarding the Fall Grain Corn Contracts. The Andersons stated that, on April 2, 2008, the arbitrator issued a default judgment against Fall Grain in the amount of $3,683,573.00, which became final on April 18, 2008. The Andersons attached copies of the Corn Contracts between Agriservices and Fall Grain and also attached a copy of the arbitration award. The award stated that the "NGFA established jurisdiction over this matter pursuant to the express terms of contracts and by way of The Andersons' status as a NGFA active member." The Andersons also filed a Motion for Consolidation (#5). The Andersons stated that the actions in Case No. 08-2083 and Case No. 08-2098 share the same subject matter. The Andersons stated that consolidation of the cases would reduce the burden on the parties of maintaining two overlapping lawsuits and would avoid the waste of judicial time and resources.

On May 23, 2008, in Case No. 08-2098, Fall Grain filed a Memorandum in Opposition to Motion to Compel Arbitration (#8). Fall Grain argued that the arbitration clause in the Wheat Contracts suffered from a jurisdictional defect that rendered the provision unenforceable because neither Agriservices nor Fall Grain were members of the NGFA at the time the contracts were formed, putting both parties outside the NGFA's jurisdiction. Fall Grain thus contended that The Andersons did not have the right to enforce the arbitration provisions because at the time of contract formation the arbitration clause was unenforceable due to the NGFA's lack of jurisdiction, meaning that Agriservices did not retain any enforcement rights that it could assign to The Andersons in the merger.

On June 30, 2008, this court entered an Order (#15) which granted the Motion for Consolidation. This court noted that no opposition had been filed contesting the Motion. This court therefore ordered that Case No. 08-2098 was consolidated with Case No. 08-2083 and assigned to this court. This court designated Case No. 08-2083 as the lead case and ordered that all documents must be filed in this case. On August 13, 2008, a Rule 16 scheduling conference was held before Magistrate Judge David G. Bernthal and, on August 19, 2008, a Discovery Order (#19) was entered.

On August 28, 2008, this court entered an Opinion (#20) which granted The Andersons' Motion to Compel Arbitration. The Andersons, Inc. v. Walker, 573 F. Supp. 2d 1065 (C.D. Ill. 2008). This court carefully considered the arguments and documents presented by the parties and concluded that Fall Grain clearly agreed to arbitrate disputes arising out of the Wheat Contracts. This court, after careful analysis, rejected Fall Grain's argument that there was no valid and enforceable agreement to arbitrate before the NGFA because neither Agriservices nor Fall Grain was a member of the NGFA at the time the contracts were formed. This court relied, in part, on the decision of the Illinois Appellate Court in Van C. Argiris & Co. v. May, 398 N.E.2d 1239 (Ill. App. Ct. 1979), wherein the court rejected a very similar argument.

This court concluded that there was nothing in the language of the NGFA's arbitration rules to suggest that one party must be a member of the organization at the time of contract formation. The language simply provided that the NGFA "may properly consider a case involving a dispute between . . . [a]ctive members of the National and nonmembers, by consent of both parties." This court concluded that, in the absence of explicit language to the contrary, NGFA's jurisdiction could reasonably be established at the point when The Andersons commenced arbitration. This court agreed with The Andersons that Fall Grain's hyper-technical reading of the contracts was at odds with the well-established federal policy of favoring arbitration if it appears facially obvious that the two parties contractually committed themselves to the arbitration of disputes. This court stated that

Fall Grain clearly agreed to arbitrate disputes arising out of the Wheat Contracts and that, because there was nothing in the arbitration rules of the NGFA that mandates that jurisdiction be established at the moment of contract formation, and there is no dispute that The Andersons is an active member of the NGFA and was an active member when it submitted the dispute to arbitration, the dispute regarding the Wheat Contracts must be submitted to arbitration.

## ANALYSIS

On December 11, 2008, The Andersons filed a Motion for Summary Judgment on Count II of Amended Complaint (#21). The Andersons argued that the Corn Contracts between The Andersons and Fall Grain contained an arbitration clause identical to the arbitration clause included in the Wheat Contracts between the Andersons and Fall Grain. The Andersons argued that, based upon this court's Opinion granting its Motion to Compel Arbitration regarding the Wheat Contracts between The Andersons and Fall Grain, this court should grant summary judgment in its favor on Count II of its Amended Complaint and confirm the arbitration award entered against Fall Grain relating to Fall Grain's obligation under the Corn Contracts. The Andersons argued that this court has ruled that the arbitration clause in the Wheat Contracts was enforceable, and should now, pursuant to the law of the case, apply that ruling to the identical arbitration clause contained in the Corn Contracts. The Andersons requested summary judgment on Count II of its Amended Complaint and asked this court to: (1) enter an order confirming the arbitrators' award, plus interest; (2) enter judgment in conformity with that order; (3) allow it to recover the attorneys fees and costs incurred; and (4) allow it to recover the arbitration fees it incurred.

On January 5, 2009, Fall Grain filed its Response in Opposition to The Andersons' Motion for Summary Judgment on Count II (#23). Fall Grain conceded that the legal issue presented by The Andersons' Motion for Summary Judgment "is the same one previously presented" by The Andersons' Motion to Compel Arbitration. However, Fall Grain argued that this court is not

precluded by the law of the case doctrine from considering its arguments that The Andersons' Motion for Summary Judgment should be denied. Fall Grain again argued that there was no valid and enforceable agreement to arbitrate before the NGFA because Agriservices and Fall Grain were not members of the NGFA. Fall Grain argued that the NGFA therefore lacked jurisdiction to render the default award in The Andersons' favor and against Fall Grain. Fall Grain conceded that the arguments it presented in opposition to The Andersons' Motion for Summary Judgment "were previously made by it, unsuccessfully, in opposition to Andersons' Motion to Compel Arbitration." Fall Grain stated that it "respectfully believes" that this court's ruling on the Motion to Compel Arbitration "is erroneous." Notably, in restating its arguments, Fall Grain provided no response to the Van C. Agiris case relied upon by this court. Fall Grain also did not specifically contest any of the relief sought by The Andersons.

The Andersons filed a Reply (#26) on January 19, 2009. The Andersons argued that the law of the case doctrine does apply unless "a good reason is shown to depart" from the previously entered ruling, citing Tice v. Am. Airlines, Inc., 373 F.3d 851, 853 (7th Cir. 2004). The Andersons pointed out that Fall Grain did not provide this court with any reason to depart from its earlier ruling, other than its belief that this court's ruling was erroneous. The Andersons argued that this court should enter an order granting The Andersons summary judgment on Count II of its Amended Complaint.

The parties here agree that The Andersons' Motion for Summary Judgment on Count II raises the same issue as The Andersons' Motion to Compel Arbitration. This court carefully considered the parties' arguments when it entered its Opinion (#20) on August 28, 2008, and granted The Andersons' Motion to Compel Arbitration. This court finds no reason to depart from its previous, carefully thought out decision. Therefore, this court concludes that The Andersons is entitled to summary judgment as to Count II which requested an order confirming the arbitrator's

award regarding the Corn Contracts.

This court notes that, after The Andersons' Motion for Summary Judgment was filed, it was allowed leave to file its Second Amended Complaint (#24). Count II of the Second Amended Complaint is essentially identical to Count II of the Amended Complaint. Therefore, summary judgment is granted as to Count II of the Second Amended Complaint (#24).

IT IS THEREFORE ORDERED THAT:

(1) The Andersons' Motion for Summary Judgment on Count II (#21) is GRANTED. Summary judgment is entered in favor of The Andersons and against Fall Grain on Count II of The Andersons' Second Amended Complaint (#24).

(2) This court therefore: (a) enters an order confirming the arbitrators' award, plus interest; (b) allows The Andersons to recover the attorneys fees and costs incurred; and (c) allows The Andersons to recover the arbitration fees it incurred.

(3) This case is referred to Judge Bernthal for further proceedings.

ENTERED this 25th day of February, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE