**E-FILED**
Thursday, 30 April, 2009 10:20:28 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

| | | |
|---|---|---|
| **THE ANDERSONS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case Nos. 08-CV-2083** |
| **v.** | ) | **08-CV-2098** |
| | ) | |
| **JERRY G. WALKER, ELLEN M. WALKER, STEPHANIE WALKER SPIROS, JEREMY WALKER, and FALL GRAIN, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**OPINION**

This case is before the court for ruling on the Amended Motion for Entry of Final Judgment with Respect to Fall Grain, Inc. (#31) filed by Plaintiff, The Andersons, Inc. ("The Andersons") and the Motion for Consolidation (#33) filed by Defendant Fall Grain, Inc. (Fall Grain). This court has carefully considered the arguments of the parties and the documents submitted by the parties. Following this careful and thorough review, The Anderson's Amended Motion for Entry of Final Judgment (#31) is DENIED and Fall Grain's Motion for Consolidation (#33) is also DENIED.

MOTION FOR ENTRY OF FINAL JUDGMENT

On April 5, 2009, the Andersons filed its Amended Motion for Entry of Final Judgment with Respect to Fall Grain, Inc. (#33).[1] The Andersons stated that this court entered an Opinion (#29) on February 25, 2009, which granted summary judgment in favor of The Andersons and against Fall Grain regarding Count II of the Second Amended Complaint. This court confirmed an arbitrators'

---

[1] The Andersons originally filed a Motion for Entry of Judgment under Rule 54(b) (#30). Because it subsequently filed an Amended Motion, this court concludes that the original Motion (#30) is MOOT.

award regarding corn contracts between the parties. The Andersons argued that, because of this ruling, "[t]here is no further claim that remains pending against Fall Grain." The Andersons contended that, because no claims remain as to Fall Grain following entry of this court's Opinion, this court should enter a finding, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in entering final judgment against Fall Grain and in favor of The Andersons on Count II of the Second Amended Complaint. The Andersons argued that delay in entering final judgment would prejudice it "as it will delay enforcement of the judgment."

On April 6, 2009, The Andersons filed a Memorandum of Law in Support of its Motion (#32). The Andersons argued that the adjudicated claims are sufficiently distinct from the claims remaining in the case to justify a finding that there is no just reason to delay entry of judgment.

On April 21, 2009, Fall Grain filed its Response in Opposition to The Andersons' Amended Motion for Entry of Final Judgment (#36). Fall Grain argued that The Andersons' Motion is based upon a false premise. Fall Grain pointed out that all claims by or against Fall Grain have not been adjudicated in this case because, on August 28, 2008, this court ordered arbitration between Fall Grain and The Andersons regarding the wheat contracts between the parties. Fall Grain further noted that this court explicitly retained jurisdiction over the remaining claims in the case. Fall Grain stated that, following this court's order, the parties submitted their dispute to arbitration before the National Grain and Feed Association (NGFA). Fall Grain attached documentation showing that the arbitration remains pending. Fall Grain argued that, if The Andersons prevails against Fall Grain in arbitration, it would have to seek judicial confirmation of the award from this court. Fall Grain pointed out that "[a]ny appeal by Fall Grain from such an order of confirmation and judgment then would require the appellate court to review the issue of whether valid and enforceable contracts for arbitration before the NGFA were entered into between Fall Grain and [The Andersons]." This is

the issue this court decided in ruling on The Andersons' Motion for Summary Judgment in this case. Therefore, Fall Grain argued that granting The Andersons' Motion would create the prospect of two successive appeals where the Court of Appeals would have to go over the same ground it had covered in the first appeal. Fall Grain also argued that The Andersons failed to demonstrate why the immediate entry of judgment is needed. This court agrees with Fall Grain's arguments.

"Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." Lottie v. W. Am. Ins. Co., 408 F.3d 935, 938 (7th Cir. 2005), quoting Factory Mut. Ins. Co. v. Bobst Group USA, Inc., 392 F.3d 922, 924 (7th Cir. 2004). "The Seventh Circuit has clearly stated that courts should not grant Rule 54(b) motions for entry of final judgment as a matter of course; rather, courts must 'independently inquire whether such orders are appropriate.'" Fitzpatrick v. City of Hobart, 2007 WL 2128023, at *1 (N.D. Ind. 2007), quoting Stamatakis Indus., Inc. v.. Walter Thompson, U.S.A., Inc., 944 F.2d 382, 383 (7th Cir. 1991). "In applying Rule 54(b), district courts must be cognizant that the norm in litigation is 'one appeal per case.'" Graphic Commc'ns Nat'l Health & Welfare Fund v. Tackett, 2007 WL 2701304, at *1 (S.D. Ill. 2007), quoting United States v. Ettrick Wood Prods., Inc., 916 F.2d 1211, 1218 (7th Cir. 1990).

The Seventh Circuit has "insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." Lottie, 408 F.3d at 938-39. "The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal." Lottie, 408 F.3d at 939. For purposes of Rule 54(b), claims are not separate, and are therefore not certifiable, if they depend on largely the same facts. Fitzpatrick, 2007

WL 2128023, at *1.

This court agrees with Fall Grain that The Andersons claim against Fall Grain regarding the wheat contracts, which has been submitted to arbitration, does not raise separate and distinct claims and would, in fact, result in an appeal that would have to go over the same ground covered in the first appeal. Moreover, a "Rule 54(b) judgment must be supported by specific reasons showing that an immediate appeal is truly necessary." Graphic Commc'ns, 2007 WL 2701304, at *1, citing Ettrick, 916 F.2d at 1218. The Andersons has not provided this court with any reason why entry of judgment pursuant to Rule 54(b) is truly necessary in this case. Therefore, this court finds no reason to depart from the normal rules of litigation which require the parties to wait until the disposition of the whole case before entry of judgment. See Graphic Commc'ns, 2007 WL 2701304, at *1; Fitzpatrick, 2007 WL 2128023, at *2.

For the reasons stated, The Andersons Amended Motion for Entry of Final Judgment with Respect to Fall Grain, Inc. (#31) is DENIED.

MOTION FOR CONSOLIDATION

On March 4, 2009, The Andersons filed a Complaint against Fall Grain in Case No. 09-CV-2060 (subsequent lawsuit). In the subsequent lawsuit, The Andersons are seeking confirmation of an arbitration award entered on January 30, 2009, regarding corn contracts between the parties. On April 22, 2009, The Andersons filed a Motion for Summary Judgment in the case. A telephone status conference was held before Magistrate Judge David G. Bernthal on April 24, 2009. At the status conference, the parties agreed that the case can be resolved by motion, so no discovery conference was necessary.

On April 7, 2009, Fall Grain filed a Motion for Consolidation (#33). Fall Grain argued that the subsequent lawsuit should be consolidated with this case. Fall Grain contended that both

lawsuits involve the same parties and the same contracts so they should be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure. Fall Grain argued that consolidation will reduce the burden on all parties of maintaining two overlapping lawsuits before the same court and will avoid the waste of judicial time and resources.

On April 20, 2009, The Andersons filed its Memorandum in Opposition to Fall Grain's Motion for Consolidation (#34). The Andersons argued that the subsequent lawsuit is simple and is between Fall Grain and The Andersons alone. The Andersons pointed out that, in the subsequent lawsuit, the obligations of the individual Defendants are not at issue. The Andersons argued that the subsequent lawsuit contains but one discreet issue: confirmation of the arbitration award entered against Fall Grain on January 30, 2009. The Andersons argued that judicial resources will be conserved by denying Fall Grain's Motion because the subsequent lawsuit is already procedurally positioned for judgment/confirmation.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> **(1)** join for hearing or trial any or all matters at issue in the actions;
>
> **(2)** consolidate the actions; or
>
> **(3)** issue any other orders to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a) (emphasis added). This court concludes that Fall Grain is correct that there are some common questions of law or fact in this case and the subsequent lawsuit. However, this court agrees with The Andersons that consolidation would actually result in delay in the subsequent lawsuit. This court therefore concludes, in exercising its discretion, that consolidation is not

warranted under the circumstances here.

IT IS THEREFORE ORDERED THAT:

(1) The Andersons' Amended Motion for Entry of Final Judgment with Respect to Fall Grain, Inc. (#31) is DENIED. The Anderson's original Motion for Entry of Judgment (#30) is MOOT.

(2) Fall Grain's Motion for Consolidation (#33) is DENIED.

(3) This case is referred to Judge Bernthal for further proceedings.

ENTERED this 30th day of April, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE