UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

THE ANDERSONS, INC.,            )
                                )
       Plaintiff,               )
                                )
v.                              )    Case No: 2:08-cv-2083-MPM-DGB
                                )    Case No: 2:08-cv-2098-HAB-DGB
JERRY G. WALKER a/k/a, JERRY    )
GENE WALKER, ELLEN M.           )
WALKER, STEPHANIE WALKER        )
SPIROS, JEREMY WALKER, and      )
FALL GRAIN, INC.,               )
                                )
       Defendants.              )
                                )

**THE ANDERSONS' FIRST MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO ITS BUSINESS DEALINGS WITH THIRD PARTIES**

NOW COMES Plaintiff The Andersons, by and through the undersigned counsel, and respectfully requests this Court to bar Defendants from referencing any of Plaintiff's efforts to procure guarantee agreements from or other transactions with any third parties in the jury's presence. Such references would be irrelevant and rely on inadmissible hearsay. Even if relevant, the dangers of misleading the jury or confusing the issues would grossly outweigh the probative value of any evidence concerning efforts to procure guarantees from anyone other than Defendants. In support of its First Motion *in Limine*, The Andersons states as follows:

1.      On April 4, 2008, The Andersons sued Defendants for breach of contract after Defendants refused to honor their agreements (the Guarantees) to guarantee the contractual obligations of their company, Fall Grain, to deliver and sell grain to The Andersons. *See generally,* Second Amended Complaint (Docket No. 24).

2.      In response, Defendants theorized that The Andersons procurement of the Guarantees was a part of a broad scheme concocted by the company to fraudulently obtain

1602063.2

personal guarantees from the principals of the grain-producing companies from which The Andersons was contractually obligated to purchase grain. *See generally,* Answer to Second Amended Complaint (Docket No. 27).

3. In an attempt to substantiate their theory, Defendants directed discovery to The Andersons seeking information related to The Andersons' dealings with third-party grain sellers. *See* Motion to Compel Written Discovery (Docket No. 25).

4. The Andersons objected to these discovery requests and argued that The Andersons' dealings with third parties could not be relevant in the present lawsuit which only concerned The Andersons' dealings with Fall Grain and Defendants. *See* Response to Motion to Compel (Docket No. 28).

5. Defendants filed a motion to compel which was granted by the Court on April 20, 2009. Motion to Compel Written Discovery (Docket No. 25). The Court stated that Defendants' discovery requests "will likely lead to information related to [Defendants'] claims." The Court did not rule that such information was relevant. *See* Order (Docket 35).

6. The Andersons fully complied with the Court's order granting Defendants' motion to compel. Despite the company's broad customer case, The Andersons disclosed that it had, in contrast to Defendants' allegation of a broad scheme, only obtained personal guarantee agreements from one other grain seller. *See* Notice of The Andersons' Compliance with Court Order of April 20, 2009 (Docket No. 41).

7. At his deposition, Mr. Walker testified that he believed that The Andersons had plans to construct an ethanol plant and was allegedly encouraging grain sellers to enter into additional hedge contracts for corn to support its operation. *See* Deposition transcript of Jerry Walker attached hereto as Exhibit 1 and incorporated by reference, at 50-53. Mr. Walker

2

testified that he believed that these added hedge contracts resulted in alleged "cash flow" problems for The Andersons in having to meet the margin call requirements of the Chicago Board of Trade, which prompted the alleged broad-based effort to obtain personal guarantees. *Id.* at 50-55; *see also* Deposition transcript of Stephanie Spiros attached hereto as Exhibit 2 and incorporated by reference, at 55 (admitting that her conclusion relating to The Andersons' business dealings was pure speculation and not based on any personal knowledge). Mr. Walker admitted that no one from The Andersons conveyed this information to him. J. Walker Depo. (Ex. 1), at 51. Such speculation is inadmissible hearsay. Additionally, The Andersons is free to conduct its business in a manner of its choosing, and the relevance of its dealings with third-party grain sellers has no bearing on Defendants' obligations to The Andersons.

8. After the close of discovery, Defendants were aware that their allegations of The Andersons' "broad scheme" were unsubstantiated, in light of obtaining a personal guarantee from only one other seller. However, in their summary judgment papers, Defendants persist in arguing that The Andersons' engaged in a "broader scheme to procure [personal] guarantees and grain from sellers, in general." *See, e.g.,* Response to Motion for Summary Judgment (Docket No. 47) at 39-40.

9. Based on the recent and continued airing of these baseless allegations of dubious relevance, The Andersons believe that Defendants will attempt to introduce into evidence at trial information related to The Andersons' dealing with third-party grain sellers.

10. The allegations and facts regarding The Andersons' dealings with third-party grain sellers is not relevant. FED. R. EVID. 401; *Thompson v. City of Chicago*, 472 F.3d 444, 453-54 (7th Cir. 2006). There is no reason to needlessly prolong trial and subject the jurors to evidence that, even if relevant, would be confusing and pose the risk of misleading jurors from

the relevant inquiry—the business dealings of these parties. *See* FED. R. EVID. 403; *Richardson v. Jennings*, 288 Fed. Appx. 303, 305 (7th Cir. 2008).

11. For all of these reasons, and the reasons set forth in the accompanying Memorandum of Law filed in support of this Motion, Defendants should be precluded from introducing evidence of, or referring to, The Andersons' dealings with any third parties.

WHEREFORE, Plaintiff The Andersons, Inc. respectfully requests that the Court grant its First Motion *in Limine* and preclude Defendants from introducing evidence of, or referring to, The Andersons' dealings with any third parties, and grant such other and further relief as this Court deems just and proper under the circumstances.

                Respectfully submitted,

                **LEWIS, RICE & FINGERSH, L.C.**

Dated: March 11, 2010    By:       s/ Steven D. Hall
                                      Richard A. Wunderlich
                                      Steven D. Hall
                                      600 Washington, Suite 2500
                                      St. Louis, Missouri 63101
                                      (314) 444-1308 | (314) 612-1308 (fax)
                                      rwunderlich@lewisrice.com
                                      shall@lewisrice.com

                                      *Counsel for The Andersons, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to attorneys of record.

    Mr. Christopher L. Gallinari (cgallinari@bellowspc.com)


                                                   s/ Steven D. Hall