UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| THE ANDERSONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Nos.   08-CV-2083 |
| v. | ) | 08-CV-2098 |
| | ) | |
| JERRY G. WALKER, ELLEN M. WALKER, | ) | |
| STEPHANIE WALKER SPIROS, JEREMY | ) | |
| WALKER, and FALL GRAIN, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

A jury trial was held in this case and, on April 19, 2010, the jury returned verdicts in favor of Plaintiff, The Andersons, Inc., and against Defendants, Jerry G. Walker, Ellen M. Walker, Stephanie Walker Spiros and Jeremy Walker, in the amount of $9,200,323.00. On April 26, 2010, this court entered Judgment (#87) in favor of Plaintiff and against Defendants in the amount of $9,200,323.00 plus interest, attorney fees and costs of collection.

On April 29, 2010, Plaintiff filed a Bill of Costs (#88), with attached documentation, seeking costs in the total amount of $10,234.80. Also on April 29, 2010, Plaintiff filed a Motion for Attorneys Fees, Additional Expenses, and Interest (#89), with attached supporting exhibits, and a Memorandum in Support (#90). Plaintiff sought an award of attorneys fees in the amount of $530,262.00, costs of collection/expenses associated with this dispute in the amount of $20,695.41 and interest to accrue at a rate of 9% per annum on the amounts attributable to the corn contracts and at a rate of 5.25% per annum on the amount attributable to the wheat contracts. Plaintiff argued that interest should be awarded at these rates to run from the date of the arbitrators' decisions against Fall

Grain. Plaintiff argued that interest should run on the $3,683,573 attributable to the 2007 corn contracts from the date of the arbitrators' decision on April 3, 2008. It argued that interest should run on the $1,836,750 attributable to the wheat contracts from the date of the arbitrators' decision on October 20, 2009. It argued that interest should run on the $3,557,500 attributable to the 2008 contracts from the date of the arbitrators' decision on January 30, 2009. Plaintiff also argued that interest should run on the $122,500 attributable for the 2009 corn contracts from the date of July 2, 2009, which was the date these contracts were cancelled.

Defendants have not filed an objection to the Bill of Costs and the time for doing so has passed. On May 13, 2010, Defendants filed a Response (#91) to Defendants' Motion for Attorneys Fees, Additional Expenses, and Interest. Defendants did not contest the amount sought for attorney fees and expenses, but argued that the interest rate sought exceeds the applicable rates authorized by federal law for post-judgment interest and by Illinois law for prejudgment interest.

This court has carefully considered the filings and arguments of the parties. Following this careful consideration, this court agrees with Defendants that the applicable interest rate should be 0.44% for post-judgment interest and 5% for prejudgment interest. Defendants are correct that "[w]hile state law applies to an award of prejudgment interest in diversity suits, federal law governs the award of post-judgment interest." Travelers Ins. Co. v. Transport Ins. Co., 846 F.2d 1048, 1053 (7th Cir. 1988); see also Evans v. City of Chicago, 873 F.2d 1007, 1011 n.7 (7th Cir. 1989). The applicable federal statute, 28 U.S.C. § 1691(a), provides:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal

> to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment.

Defendants provided documentation to show that the 1-year constant maturity Treasury yield for the week ending April 23, 2010, the week preceding the judgment, was 0.44 % per annum. Therefore, Plaintiff is entitled to post-judgment interest from the date of the judgment against Defendants, April 26, 2010, at the rate of 0.44% per annum.

As far as prejudgment interest, Illinois law applies and Defendants are correct that the applicable statute provides:

> Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on settlement or account from the day of liquidating accounts between the parties ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

815 Ill. Comp. Stat. 205/2 (West 2008). Based upon this statute, a "party may receive prejudgment

interest only at the statutory rate unless there is 'an express contract provision allowing interest at a specific rate.'" Ill. Health Maint. Org. Guar. Ass'n v. Shapo, 826 N.E.2d 1135, 1157 (Ill. App. Ct. 2005), quoting Premier Elec. Constr. Co. v. Am. Nat'l Bank, 658 N.E. 2d 877, 888 (Ill. App. Ct. 1995). In this case, the personal guarantees and underlying grain contracts do not include an express provision setting a specific rate of interest. This court therefore agrees that Plaintiff can only recover prejudgment interest at the statutory rate of 5% per annum. This court does not agree with Plaintiff that the applicable rate is 9% pursuant to 735 Ill. Comp. Stat. 5/2-1303 (West 2008). This statute sets the rate of interest for "[j]udgments recovered in any court" under Illinois law. However, no judgment was entered against Defendants until this court entered judgment on April 26, 2010, and post-judgment interest on a judgment entered by this court must be determined based upon federal law.

This court notes that Defendants have not challenged the dates Plaintiff has argued that interest began accruing on the various amounts owed under the underlying grain contracts. This court therefore concludes that the amount of prejudgment interest owed should be determined based upon those dates. However, the interest which accrued prior to the date of judgment in this court must be determined at a rate of 5% per annum.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Attorneys Fees, Additional Expenses, and Interest (#89) is GRANTED in part and DENIED in part. Plaintiff is awarded attorneys fees in the total amount of $530,262.00 and expenses in the amount of $20,695.41. Plaintiff's request for interest at a rate of 9% per annum for the amounts attributable to the corn contracts and 5.25% per annum for the amount attributable to the wheat contracts is denied. Plaintiff is entitled to prejudgment interest at

the statutory rate of 5% per annum and is entitled to post-judgment interest at the rate of 0.44% per annum.

(2) Plaintiff's Bill of Costs is allowed and costs are assessed against Defendants in the amount of $10,234.80.

ENTERED this 27th day of May, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE